IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KENDRICK BROWN #71475-004                                                   PETITIONER

V.                                    CIVIL ACTION NO. 5:08cv285-DCB-MTP

BRUCE PEARSON, Warden                                             RESPONDENT

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the *pro se* Petition [1] of Kendrick Brown for a writ of habeas corpus filed under 28 U.S.C. § 2241. Having considered the petition, the answer, the reply, and all matters made a part of the record in this case, as well as applicable law, the undersigned is of the opinion that the petition should be dismissed for lack of jurisdiction.

## BACKGROUND

Petitioner, Kendrick Brown, is currently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi. His projected release date is July 3, 2018.[1] The present action, which attacks the manner in which Brown's sentence was calculated, was brought pursuant to 28 U.S.C. § 2241. Memo. [2] at 1. Brown did not petition for, or otherwise obtain, a certificate of appealability prior to filing the instant motion, but, instead, maintains that relief under 28 U.S.C. § 2241 is available because he previously filed a Section 2255 motion which was denied. *Id.*

On March 18, 2005, Petitioner was sentenced as a career offender to 188 months followed by 4 years of supervised release after a guilty plea in the United States District Court for the Southern District of Florida for violation of 46 U.S.C. App. § 1903(j), Conspiracy to Possess with Intent to Distribute a Controlled Substance. Answer [8] at 1. Petitioner appealed his sentence to

---

[1] http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=71475-004.

1

the United States Court of Appeals for the Eleventh Circuit, which affirmed his conviction and sentence. *See United States v. Brown*, 159 Fed.Appx. 898, 900, 2005 WL 3420903, at*2 (11th Cir. 2005). The court held that according to Eleventh Circuit precedent, carrying a concealed weapon is a "crime of violence." *Id.* Subsequently, Brown filed a Petition for Writ of Certiorari to the United States Court of Appeals for the Eleventh Circuit which was denied on June 19, 2006. *See Brown v. United States*, 547 U.S. 1208 (2006).

Petitioner next filed a motion for relief pursuant to 28 U.S.C. § 2255 based on the following grounds: (1) ineffective assistance of counsel and (2) a claim that his sentence was illegal. Pet. [1] at 2. His motion was denied on February 12, 2007. *Id.* Brown then filed an Application for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence pursuant to section 2255 which was denied on September 2, 2008. Reply [9], Ex.1. On September 17, 2008, Brown filed a petition for habeas relief under 28 U.S.C. § 2241 with this court claiming that his "[s]entencing as a career offender was illegal because prior conviction for carrying a firearm was not a crime of violence." Pet. [1] at 3. In the instant section 2241 petition, Petitioner raises as grounds for relief that subsequent to his sentencing, the Eleventh Circuit held that carrying a concealed weapon is not a crime of violence, thus rendering his sentence enhancement improper. Pet. [1] at 4; Memo. [2] at 2.

ANALYSIS

An inmate who alleges a violation of law pertaining to the manner in which his sentence is executed may bring suit under Title 28 U.S.C. § 2241. *Grant v. Pearson*, No. 5:09cv149, 2010 WL 1860004, at *1 (S.D. Miss. May 7, 2010). However, the general rule is that a challenge to the validity of a sentence must be pursued in a section 2255 motion, not a section 2241 motion. *See Pack v. Yusuff*, 218 F.3d 448, 451-52 (5th Cir. 2000). Although a section 2241 motion is properly brought in the district where the inmate is incarcerated, a section 2255 motion should be brought

in the district where the inmate was sentenced. *See United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (holding that the district where a petitioner is housed has jurisdiction over a section 2241 motion); *United States v. Weathersby*, 958 F.2d 65, 66 (5th Cir. 1992) (stating that a section 2255 motion must be filed in the court in which the habeas petitioner was convicted and sentenced). In this instance, Brown admits that his claim should be submitted under section 2255, but argues that he had no choice other than to bring his motion pursuant to section 2241 because his prior section 2255 motion was denied. Memo. [2] at 1. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Pack*, 218 F.3d at 452.

In accordance with the holding in *Pack*, *supra*, an inmate seeking a reduction in his sentence should pursue a section 2255 motion. However, there is a "savings clause" to section 2255 which allows a section 2241 petition under certain limited circumstances.[2] The savings clause provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is **inadequate or ineffective** to test the legality of his detention.

28 U.S.C. § 2255(e) (emphasis added). Petitioner bears the burden of establishing that the section 2255 remedy is inadequate or ineffective. *Pack*, 218 F.3d at 452. This is a heavy burden, and courts find "a remedy under section 2255 to be inadequate or ineffective only in extremely limited

---

[2] This court, as Brown's custodial court, has the jurisdiction to determine whether Petitioner's claims are properly brought under section 2241 via the savings clause of section 2255. *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005) (citing *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999)).

3

circumstances." *Id.* (citation omitted). Brown maintains that in his situation, section 2255 does not provide an adequate or effective remedy, thus enabling him to proceed under section 2241. Reply [9] at 2-3.

As indicated previously, Petitioner has filed four prior challenges or appeals regarding the validity of his sentence, all of which (including a section 2255 motion and request for a second 2255 motion) were denied. A claim of procedural bar, or that a petitioner cannot meet AEDPA's "second or successive" requirements, is not enough to meet the heavy burden of demonstrating that a section 2255 motion is inadequate or ineffective.[3] *Pack*, 218 F.3d at 452-53 (citations omitted). Further, "a prior unsuccessful § 2255 motion . . . does not make § 2255 inadequate or ineffective." *Tolliver v. Dobre,* 211 F.3d 876, 878 (5th Cir. 2000).

Brown claims that the remedy under section 2255 is inadequate or ineffective because it "does not provide a recourse for the challenge of a federal sentence that is based on a [sic] improper sentencing enhancement." Reply [9] at 2. Specifically, he maintains that based on the Eleventh Circuit's ruling in *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008), his

---

[3]The Antiterrorism and Effective Death Penalty Act ("AEDPA"), to which this case is subject, provides as follows:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

underlying conviction of carrying a concealed weapon does not constitute a violent crime for purposes of sentence enhancement. Reply [9] at 1.

The Fifth Circuit has held that the savings clause applies only to a claim of actual innocence:

> (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense, and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first section 2255 motion.

*Reyes-Requena*, 243 F.3d 893, 904 (5th Cir. 2001); *see also Christopher v. Miles*, 342 F.3d 378, 382 (5th Cir. 2003). While Brown properly states that the savings clause requires a showing of actual innocence, he does not claim that he is actually innocent of the underlying conviction. Reply [9] at 2-3. Rather, he claims he is innocent of being a career offender since his conviction for gun possession allegedly should not have been considered a crime of violence under the sentence enhancement guidelines. *Id.* However, this is not the type of argument that courts have recognized may warrant review under section 2241. *See Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) (noting that in each case where courts have found claims of actual innocence to fall under savings clause, petitioner "arguably was convicted for a nonexistent offense" and therefore "could claim he was actually innocent of the crime of which he was convicted"). *See also Robertson v. United States*, 234 Fed. Appx. 237, 238 (5th Cir. 2007) (rejecting petitioner's argument that he is actually innocent of career offender enhancement under sentencing guidelines, rather than of underlying bank robbery conviction); *Burnett v. Jeter*, No. 4:05cv397, 2006 WL 36946, at *2 (N.D. Tex. Jan. 5, 2006) (holding that petitioner could not satisfy *Reyes-Requena* test based on claim of actual innocence as to sentencing factors because claim "does not implicate his

conviction for a substantive criminal offense"). In *Goldman*, which Petitioner cites as being factually parallel to the current case, Goldman proved that he was innocent of the kidnapping charge upon which his sentence enhancement was based. *Goldman v. Winn*, 565 F.Supp.2d 200, 244 (D.Mass. 2008). *Goldman* can be distinguished from the current situation as no proof has been provided that Brown was not guilty of the charge of carrying a concealed weapon which formed the basis for his sentence enhancement.

Further, Brown's reliance on *Archer* is misplaced. The deciding court in *Archer* was the Eleventh Circuit Court of Appeals rather than the U.S. Supreme Court. *Archer*, 531 F.3d 1347. The Archer court did not set forth a new rule of constitutional law, nor did it include a retroactive provision.[4] *Id.* at 1352. Thus, Petitioner has failed to establish that his claim of actual innocence is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense. *Reyes-Requena*, 243 F.3d at 904. *See also Wesson v. United States Penitentiary*, 305 F.3d 343, 347-48 (5th Cir. 2002) (holding that the savings clause did not apply to plaintiff where the case law he relied on was not retroactive and he was not actually innocent of the of the underlying charge).

Accordingly, because Brown's claims challenge only the validity of his sentence, and because he cannot meet the requirements of section 2255's savings clause, this court is without jurisdiction to consider this section 2241 petition. *See, e.g.*, *Kinder*, 222 F.3d 209; *Padilla*, 416 F.3d 424; *Burnett*, 2006 WL 36946. Should Petitioner ultimately seek and obtain permission to

---

[4]Petitioner's Reply [9] also cites to *Begay v. United States*, 553 U.S. 137 (2008) in support of his argument that the enhancement of his sentence was based on a crime that is no longer considered a crime of violence. The *Begay* court did not issue a new rule of constitutional law, nor was its decision retroactive. *Id.* at 148.

6

file a successive section 2255 motion, the sentencing court -- the United States District Court for the Southern District of Florida -- would be the appropriate court in which to file such a motion, not this court. *See Padilla*, 416 F.3d at 425.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that Kendrick Brown's Petition for Writ of Habeas Corpus [1] be dismissed with prejudice. *See Pack*, 218 F.3d at 454-55.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 14th day of July, 2010.

                                                s/Michael T. Parker
                                                United States Magistrate Judge