IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KENDRICK BROWN  #71475-004                                        PETITIONER

VS.                              CIVIL ACTION NO. 5:08-cv-285(DCB)(MTP)

BRUCE PEARSON, Warden                                             RESPONDENT

ORDER

This cause is before the Court on the Report and Recommendation **(docket entry 12)** of Magistrate Judge Michael T. Parker, and on the petitioner's objections thereto **(docket entry no. 16)**. Being fully advised in the premises, the Court finds as follows:

The plaintiff filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his report and recommendation, the magistrate judge finds that Brown's petition must be construed as one pursuant to § 2255, since it challenges the validity of the conviction and/or sentence because of errors occurring at or prior to sentencing. A § 2241 petition generally attacks the manner in which a sentence is executed.

The petitioner contends that he can bring his petition under § 2241 pursuant to the narrow savings clause contained in § 2255. The savings clause provides that

> [a]n application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or

>that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). The petitioner bears the burden of establishing that the section 2255 remedy is inadequate or ineffective.

Brown has filed four prior challenges or appeals regarding the validity of his sentence, all of which (including a section 2255 motion and request for a second 2255 motion) were denied. A claim of procedural bar, or that the petitioner cannot meet AEDPA's "second or successive" requirements, is not enough to meet the heavy burden of demonstrating that a section 2255 motion is inadequate or ineffective. Nor does a prior unsuccessful 2255 motion make section 2255 inadequate or ineffective.

The Fifth Circuit has held that the savings clause applies only to a claim of actual innocence; however, Brown does not claim that he is actually innocent of the underlying conviction. Instead, he argues that he is innocent of being a career offender since his conviction for gun possession should not have been considered a crime of violence under the sentence enhancement guidelines. This is not the type of argument that courts have recognized may warrant review under section 2241.

As Magistrate Judge Parker finds, because Brown's claims challenge only the validity of his sentence, and because he cannot meet the requirements of section 2255's savings clause, this Court

is without jurisdiction to consider this section 2241 petition. Accordingly,

IT IS HEREBY ORDERED that the Report and Recommendation **(docket entry 12)** of United States Magistrate Judge Micahel T. Parker is hereby adopted as the finding of this Court;

FURTHER ORDERED that the petitioner's objections **(docket entry no. 16)** are denied.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure, dismissing this action with prejudice.

SO ORDERED, this the 8th day of March, 2011.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE